# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2012

No. 11-31070
Summary Calendar

Lyle W. Cayce
Clerk

IDELLA CORLEY,

Plaintiff-Appellant,

v.

STATE OF LOUISIANA THROUGH DIVISION OF ADMINISTRATION, OFFICE OF RISK MANAGEMENT; WHITMAN J. KLING, JR., individually and in his official capacity as Division of Administration Appointing Authority; BARBARA GOODSON, individually and in her official capacity as Appointing Authority; ANNE GRAHAM, individually and in her official capacity as Human Resource Director; JULIAN S. THOMPSON, JR., individually and in his official capacity as State Risk Director; PATRICIA H. REED, individually and in her official capacity as State Risk Assistant Director,

Defendants-Appellees.

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-882

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The district court granted partial summary judgment against Idella Corley ("Corley") dismissing her race discrimination, hostile work environment, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state intentional infliction of emotional distress and retaliation claims, against the Defendants in connection with her employment with, and termination from, the Division of Administration, Office of Risk Management for the State of Louisiana ("DOA-ORM").  Only Corley's federal retaliation claims pursuant to Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981, survived.  A jury reached a verdict against her on those remaining claims.  Proceeding *pro se*, Corley timely appealed on all claims.  We AFFIRM.

We review a district court's grant of partial summary judgment *de novo*. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 991–92 (5th Cir. 2005). Summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

We analyze Corley's race discrimination claims under the burden shifting framework set out in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802–04 (1973).  To establish a *prima facie* case of race discrimination, a plaintiff must show that: (1) she was a member of a protected group; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees outside of her protected group.  *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Adverse employment actions are limited to ultimate employment decisions, which include hiring, granting leave, discharging, promoting, or compensating. *Id*. at 559–60.  If a *prima facie* case is made, then the burden shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for the questioned employment action."  *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003).  If such a reason is given, then the plaintiff is left with the burden of showing that the stated reason was pretextual.  *Id*.

Summary judgment was proper as to Corley's race discrimination claims because she failed to carry her burden under the *McDonnell Douglas* framework. We agree with the district court that the "ultimate employment decisions" at

issue are Corley's: (1) reduction in pay equal to a one-day suspension in March 2006, (2) denial of the staff officer's position in May 2006, and (3) termination in December 2006.[1] As explained by the district court, Corley failed to show a *prima facie* case with regard to the first two actions because, *inter alia*, she did not present evidence that similarly situated non-black employees were treated more favorably. As for the third action, Corley met her *prima facie* burden. The Defendants then presented evidence that Corley was terminated for legitimate, nondiscriminatory reasons—namely, her insubordinate behavior and inappropriate communications. Corley failed to raise a genuine issue of material fact as to whether these reasons were pretextual.

Summary judgment as to Corley's race-based hostile work environment claim was also proper. To prevail, a plaintiff must show: "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). As noted by the district court, although Corley presented numerous acts showing hostility between her and her coworkers, she failed to show that this hostility was related to her race.

Corley's state intentional-infliction-of-emotional-distress claim also fails. To prevail, a plaintiff must show: "(1) that the conduct of the defendant was extreme and outrageous, (2) that the emotional distress suffered by the plaintiff was severe, and (3) that the defendant desired to inflict severe emotional distress

---

[1] In addition to these three actions, Corley asserted a long list of other alleged adverse employment actions pertaining to salary, promotions, and accommodation. Many of those actions were not "ultimate employment decisions" under *McCoy*. 492 F.3d at 556. Even assuming *arguendo* that they were ultimate employment decisions, for the reasons stated in the district court's order, Corley failed to show a *prima facie* case with respect to those actions.

or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991). As explained by the district court, Corley failed to raise a genuine issue of material fact as to whether any of the Defendants' acts were extreme or outrageous.

Moreover, Corley cannot prevail on her state retaliation claims. Retaliation based on race does not fall within the scope of Louisiana Employment Discrimination Law. La. Rev. Stat. Ann. § 23:301. Corley also failed to respond to Defendants' motion for summary judgment regarding her Longshoremen's and Harbor Workers' Compensation Act claim. § 23:1361(B). Further, Corley failed to show that any of the alleged retaliatory acts were an actual violation of Louisiana law, which is a requirement to recover under Louisiana Whistleblower Statute.[2]  § 23:967.

The evidence was sufficient to support the jury verdict against Corley on her remaining federal retaliation claims. Corley's appeal of the jury verdict is reviewed for plain error because she failed to move for judgment as a matter of law at the close of all the evidence. *See McKenzie v. Lee*, 259 F.3d 372, 374 (5th Cir. 2001). Accordingly, our review is limited to determining "whether there was any evidence to support the jury verdict." *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 228, 238 (5th Cir. 2001). The record shows that the Defendants presented evidence of a legitimate, non-retaliatory reasons—namely, Corley's insubordinate behavior and inappropriate communications—for each of the allegedly retaliatory acts. Therefore, Corley cannot show that there was no evidence to support the jury's verdict.

For the foregoing reasons, we AFFIRM the partial summary judgment of

---

[2] The district court also granted summary judgment in favor of defendant Whitman J. "Whit" Kling, Jr. ("Kling"), on all retaliation claims. Summary judgment in favor of Kling was proper because all viable aspects of Corley's retaliation claims occurred after Kling's tenure as appointing authority for DOA-ORM ended in March 2005.

the district court and the judgment based on the jury's verdict.